JOANOS, Judge.
P.L.W. appeals a Detention Commitment Order based upon a previous adjudication of delinquency for which he was committed to the Department of Health and Rehabilitative Services (HRS) to be placed in the Youth Services Program. We reverse the trial court’s commitment order.
P.L.W. was adjudged delinquent in 1978 and placed on probation for burglary. As a result of violating his probation by leaving home, he was committed to HRS. After ten months, HRS discharged P.L.W. from his commitment for the delinquent act. He then began running away from home, which led to his being adjudicated dependent. P.L.W. failed to comply with the numerous orders based upon his dependency adjudication imposing restrictions and placing custody with family members and ultimately HRS. In April, 1982, P.L.W. was recommitted to HRS on the 1978 adjudication of delinquency, based upon his continued violations of court orders stemming from the dependency adjudication.
The term of commitment for a delinquent act shall be until a child is released by HRS or reaches nineteen (19) years of age. Section 39.11(l)(c), Florida Statutes (1981). After having been released from the Youth Services Program by HRS, P.L.W.’s term of commitment was completed and the earlier adjudication of delinquency could no longer serve as a basis upon which he could be recommitted.
Accordingly, the trial court’s Detention Commitment Order is REVERSED.
SHIVERS and WENTWORTH, JJ„ concur.
ON MOTION FOR CLARIFICATION
JOANOS, Judge.
The State of Florida seeks clarification of our prior opinion in which we reversed a commitment order which was improperly based upon an adjudication of delinquency for which P.L.W. had served his term of commitment. We grant the State’s motion and amend the second sentence of paragraph three of our prior opinion to read as follows:
*700 After having been released from confinement and subsequent supervision under the Youth Services Program by HRS, P.L.W.’s term of commitment was completed and the earlier adjudication of delinquency could no longer serve as a basis upon which he could be recommitted.
This amendment should avoid misconstruction of our prior opinion. We adhere to our prior opinion in all other respects.
SHIVERS and WENTWORTH, JJ., concur.